Lian Wei HU, Petitioner,

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, Attorney General, Respondents.**

No. 05–5545–AG.

United States Court of Appeals, Second Circuit.

Oct. 19, 2006.

David X. Feng, New York, NY, for Petitioner.

Michael J. Sullivan, United States Attorney for the District of Massachusetts, Gina Walcott–Torres, Assistant United States Attorney, Boston, MA, for Respondents.

Present: DENNIS JACOBS, Chief Judge, ROBERT D. SACK and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Lian Wei Hu, though counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Gabriel Videla's decision denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts and affirms the IJ's decision, with minor supplements and modifications, we review the IJ's decision as modified and supplemented by the BIA. *Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Legal questions, and application of fact to law, are reviewed *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

We lack jurisdiction to review the IJ's factual determination that Hu's asylum application was not filed within a year of entry to the United States, because she has not raised any constitutional or legal challenges to that finding. *See* 8 U.S.C. § 1158(a)(2)(B), (a)(3); *Xiao Ji Chen,* 434 F.3d at 151–54. The asylum claim is therefore dismissed for lack of jurisdiction.

Withholding of removal, however, is not subject to any filing deadlines; the IJ's factual findings underlying the denial of that claim are supported by substantial evidence in this case. Hu gave entirely different accounts of persecution at her two asylum hearings, and admitted at the second hearing that all her testimony at the first hearing had been fabricated: her marriage and three pregnancies in China, the abortion of her second child, and her flight to the United States, while pregnant, in December 2000. When Hu admitted that she had been living in the United States since January 2000, did not marry or have children until after her arrival, and had never had an abortion, the IJ was justified in choosing not to credit any of her new testimony regarding threats from the family planning authorities in China. Because Hu did not establish past persecution, she was not entitled to the presumption of a clear probability of future persecution. *Cf.* 8 C.F.R. § 1208.16(b)(1). Moreover, the IJ reasonably found that Hu's claim she would be sterilized in China because she had two children in the United States, was speculative and therefore insufficient, standing alone, to meet the high burden for withholding independently. Hu's CAT claim is

deemed waived because she failed to address it meaningfully in her brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540., 541 n.1 (2d Cir.2005).

Finally, the evidence in this case was sufficient to support not only an adverse credibility finding but also a finding that Hu knowingly filed a frivolous asylum application. *See* 8 C.F.R. § 1208.20 (an asylum application is frivolous "if any of its material elements is deliberately fabricated" and the alien has had "sufficient opportunity to account for any discrepancies or implausible aspects of the claim"). Although the BIA has not yet provided standards for interpreting this regulation, we recently suggested in *Yuanliang Liu v. U.S. Dep't of Justice,* 455 F.3d 106, 113–116 (2d Cir.2006), that an application with such strong evidence of deliberate fraud as Hu's would fall within this definition. Hu admitted that her entire first application was untrue, after giving highly detailed testimony at her first hearing about her alleged forced abortion and flight from China. She also admitted to giving her sister's child's picture and birthdate to a travel agent, who used those materials to create a "birth certificate" for Hu's purported daughter, and to playing some role in the creation of the other fraudulent documents. Therefore, although Hu may have been initially deceived by a travel agent, the IJ was justified in rejecting Hu's attempts to attribute all the responsibility for the fraud to him—particularly when she also claimed at her second hearing not to have known the fraudulent documents were submitted to the court, after testifying in detail about how she obtained them at the first hearing.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VA-CATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).